## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| CALGON CARBON CORPORATION and NORIT AMERICAS, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )   Court No. 25-00028 |
| UNITED STATES, | ) ) |
| Defendant. | ) ) ) |

### COMPLAINT

Calgon Carbon Corporation and Norit Americas, Inc. (collectively, "Plaintiffs") through their attorneys, allege and state as follows:

### JURISDICTION

1.     Plaintiffs bring this action pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and (a)(2)(B)(iii).  This Court has jurisdiction pursuant to 28 U.S.C. § 1581(c).  Plaintiffs contest certain factual findings and legal conclusions in the amended final results of the United States Department of Commerce's ("Commerce" or "the Department") sixteenth annual administrative review of the antidumping duty order on Certain Activated Carbon from the People's Republic of China (Case No. A-570-904) covering the period of review ("POR") April 1, 2022 through March 31, 2023.  The final results of the Department's review were published as Certain Activated Carbon From the People's Republic of China: Final Results of Antidumping Duty Administrative Review; 2022-2023, 89 Fed. Reg. 92,893 (Dep't Commerce Nov. 25, 2024) ("Final Results"), and amended by 89 Fed. Reg. 104,978 (Dep't Commerce Dec. 26, 2024) ("Amended Final Results"); see also Issues and Decision Memorandum for the Final Results of

the 2022-2023 Administrative Review of the Antidumping Duty Order on Certain Activated Carbon from the People's Republic of China (Nov. 5, 2024) (hereinafter, "IDM").

## STANDARD OF REVIEW

2.    The standard of review applicable in this action is whether the Department's determinations, findings, or conclusions are "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i).

## STANDING OF PLAINTIFFS

3.    Plaintiffs are U.S. producers of certain activated carbon, the domestic product that is like the product that was the subject of the challenged administrative review determination. Plaintiffs participated actively in the administrative review and are interested parties as described in section 771(9)(C) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1677(9)(C). Plaintiffs have standing to bring this action under 28 U.S.C. § 2631(c).

## TIMELINESS OF THIS ACTION

4.    The Final Results for the above-referenced administrative review were published in the Federal Register on November 25, 2024 (89 Fed. Reg. 92,893) and the Amended Final Results were published in the Federal Register on December 26, 2024 (89 Fed. Reg. 104,978).

5.    This action was commenced by the filing of a: (1) Summons on January 24, 2025 (see ECF No. 1), which was filed within 30 days of publication of the Amended Final Results; and (2) this Complaint, which is being filed within 30 days of the filing of the Summons. This action, therefore, is timely filed pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(I), 28 U.S.C. § 2636(c) and Rule 3(a)(2) of the U.S. Court of International Trade.

**STATEMENT OF CLAIMS**

6.    The Department's <u>Amended Final Results</u> are unsupported by substantial evidence on the record and are otherwise contrary to law in the following respects:

**COUNT I**

7.    Paragraphs 1 through 6 above are re-alleged and incorporated herein by reference.

8.    In the <u>Preliminary Results</u> and <u>Final Results</u>, the Department used the Malaysian import value under Harmonized Tariff Schedule ("HTS") subheading 2701.12 ("Bituminous Coal, Whether Or Not Pulverized, But Not Agglomerated") to value bituminous coal consumption and HTS subheading 2701.19 ("Coal, Other Than Anthracite Or Bituminous, Whether Or Not Pulverized, But Not Agglomerated") to value lump coal consumption.

9.    Following issuance of the <u>Final Results</u>, Ningxia Guanghua Cherishmet Activated Carbon Co., Ltd. ("Cherishmet" or "GHC"), submitted a ministerial error allegation in which it claimed that the agency erroneously used the surrogate value for lump coal in the place of the surrogate value for bituminous coal when calculating GHC's final dumping rate.  <u>See</u> Letter to the Department titled "Ningxia Guanghua Cherishment Ministerial Error Allegations" at 2-3 (Nov. 20, 2024).  GHC argued that the final surrogate value worksheet listed the surrogate value for bituminous coal as 1,552.65 MYR under HTS subheading 2701.12 and listed the surrogate value for lump coal as 1,720.22 MYR under HTS subheading 2701.19.  <u>Id.</u> at 2.  GHC claimed that the Department inadvertently used the surrogate value for lump coal (1,720.22 MYR) instead of the surrogate value for bituminous coal (1,552.65 MYR), and urged the agency to instead use the value of 1,552.65 MYR as the surrogate value for bituminous coal.  <u>Id.</u> at 2-3.

10.    In response to GHC's ministerial error allegation, Petitioners explained that the correct valuation of bituminous coal consumed by GHC is a methodological issue, not a ministerial issue.  <u>See</u> Letter to the Department titled "Petitioners' Response to GHC's

Ministerial Error Allegation" at 2-6 (Nov. 25, 2024). Moreover, Petitioners explained that the Department took the same approach in both the <u>Preliminary Results</u> and <u>Final Results</u> for valuing bituminous coal, and GHC failed to raise the issue during administrative briefing as required by the agency's regulations. Petitioners urged the Department to find that GHC's allegation was untimely and should have been raised during administrative briefing.

11.     On December 26, 2024, the Department published the <u>Amended Final Results</u>, in which the agency accepted and agreed with GHC's ministerial error allegation. The Department stated it "inadvertently used the SV for lump coal (1,720.22 MYR) instead of bituminous coal (1,552.65 MYR) when valuing bituminous coal in calculating GHC's final margin" and "changed the SV for bituminous coal from the 1,720.22 MYR listed for lump coal, to the 1,552.65 MYR SV listed for bituminous coal." <u>See</u> Memorandum titled "Administrative Review of the Antidumping Duty Order on Certain Activated Carbon from the People's Republic of China; 2022- 2023: Analysis of Ministerial Error Allegation" at 6-7 (Dec. 17, 2024).

12.     The Department's acceptance of GHC's untimely methodological claim regarding the surrogate value for bituminous coal is unreasonable and unsupported by record evidence.

13.     As a result, the Department's <u>Amended Final Results</u> are unsupported by substantial evidence and are not in accordance with law.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiffs respectfully request that this Court:

(a)     hold that Commerce's <u>Amended Final Results</u> are unsupported by substantial evidence and are otherwise not in accordance with law with respect to the claims advanced by Plaintiffs in this Complaint;

(b)     remand the <u>Amended Final Results</u> to the Commerce Department with instructions to correct the errors set forth in this Complaint; and

(c)      provide such other relief as this Court deems just and appropriate.

Respectfully submitted,


 /s/ John M. Herrmann
JOHN M. HERRMANN
R. ALAN LUBERDA
MELISSA M. BREWER
KELLEY DRYE & WARREN LLP
3050 K Street, N.W., Suite 400
Washington, DC  20007
(202) 342-8400

Counsel to Calgon Carbon Corporation and
Norit Americas, Inc.

Dated:  February 21, 2025

**CERTIFICATE OF SERVICE AND NOTICE TO INTERESTED PARTIES**

**<u>Calgon Carbon Corporation and Norit Americas, Inc. v. United States</u>**
**CIT Court No. 25-00028**

Pursuant to Rule 3(f) of the Rules of the Court of International Trade, I, John M. Herrmann, hereby certify that on February 21, 2025, copies of the foregoing Complaint were served upon the following individuals and notified all the interested parties who were a party to the proceeding below, by certified mail, return receipt requested:

**<u>UPON THE UNITED STATES</u>**

Attorney-In-Charge
International Trade Field Office
Commercial Litigation Branch
U.S. Department of Justice
26 Federal Plaza
New York, NY 10278-0001

Director, Civil Division
Commercial Litigation Branch
U.S. Department of Justice
1100 L Street, N.W., Room 12124
Washington, DC 20530

**<u>UPON THE U.S. DEPARTMENT OF COMMERCE</u>**

General Counsel
U.S. Department of Commerce
14th Street & Constitution Avenue, N.W.
Washington, DC 20230

Ms. Evangeline Keenan, Esq.
Director, APO/Dockets Unit
U.S. Department of Commerce
14th Street & Constitution Avenue, N.W.
Room 1874
Washington, DC 20230

**On behalf of Ningxia Huahui Environmental Technology Co., Ltd.; Ningxia Mineral & Chemical Limited; Tancarb Activated Carbon Co., Ltd.**

Gregory S. Menegaz, Esq.
deKieffer & Horgan
1156 15th Street, N.W.
Suite 1101
Washington, DC  20005
Email: gmenegaz@dhlaw.com

**On behalf of Jilin Bright Future Chemicals Co., Ltd.**

Jonathan M. Freed, Esq.
Trade Pacific PLLC
700 Pennsylvania Ave, S.E.
Suite 500
Washington, DC  20003
Email: jfreed@tradepacificlaw.com

**On behalf of Datong Juqiang Activated Carbon Co., Ltd.**

Francis J. Sailer, Esq.
Grunfeld, Desiderio, Lebowitz, Silverman Klestadt, LLP
1201 New York Ave., N.W.
Washington, DC  20005
Email: fsailer@gdlsk.com

**On behalf of Bengbu Modern Environmental Co. Ltd.; Datong Hongdi Carbon Co., Ltd.; Ningxia Guanghua Cherishmet Activated Carbon Co., Ltd.**

Mark Lehnardt, Esq.
Law Office of David L. Simon
1025 Connecticut Avenue, N.W.
Suite 1000
Washington, DC  20006
Email: marklehnardt@dlsimon.com

2

**On behalf of Jacobi Carbons AB and its affiliates, (i) Jacobi Carbons Industry (Tianjin) Co. Ltd., (ii) Jacobi Carbons Tianjin International Trade Co., Ltd., (iii) Jacobi Adsorbent Materials (Tianjin) Co., Ltd., and (iv) Jacobi Carbons, Inc. (collectively, "Jacobi")**

Daniel L. Porter, Esq.
Curtis, Mallet-Prevost, Colt & Mosle LLP
1717 Pennsylvania Avenue, N.W.
Washington, DC  20006
Email: dporter@curtis.com


**On behalf of Ningxia Guanghua Cherishmet Activated Carbon Co., Ltd.**

Irene H Chen, Esq.
VCL Law LLP
1945 Old Gallows Road
Suite 630
Vienna, VA  22182
Email: ichen@vcllegal.com


**On behalf of Carbon Activated Tianjin Co., Ltd.**

John M. Peterson, Esq.
Neville Peterson LLP
55 Broadway
Suite 2602
New York, NY  10006
Email: jpeterson@npwny.com


**On behalf of Shanxi Sincere Industrial Co., Ltd. and Tianjin Channel Filters Co., Ltd.**

Zhang Yi, Esq.
Gaopeng & Partners
7th Floor, Tower B, Gateway Plaza, Xiaguangli No. 18, Chaoyang District
Beijing 100027, China
Email: zhangyi@gaopenglaw.com
**(registered mail)**

**On behalf of Beijing Pacific Activated Carbon Products Co., Ltd.**

Meng Jing, Esq.
Guantao Law Firm
19/F, Tower B, Xinsheng Plaza,
5 Finance Street,
Xicheng District, Beijing 100032, China
Email: mengjing@guantao.com
**(registered mail)**


**On behalf of Carbon Activated Tianjin Co., Ltd. and its affiliated U.S. importer, Carbon Activated Corporation**

Stephanie Hartmann, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
2100 Pennsylvania Avenue, N.W.
Washington, DC  20037
Email: stephanie.hartmann@wilmerhale.com


/s/ John M. Herrmann
JOHN M. HERRMANN
KELLEY DRYE & WARREN LLP

4